899 F.2d 52
 283 U.S.App.D.C. 244
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Stephen SEMPLE, a/k/a Sunrise Harmony, Appellant.
 No. 89-3038.
 United States Court of Appeals, District of Columbia Circuit.
 April 16, 1990.
Rehearing and Rehearing En Banc Denied July 31, 1990.
 
 Before RUTH B. GINSBURG, STEPHEN F. WILLIAMS and Sentelle, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). It is
 
 
 2
 ORDERED and ADJUDGED that the judgment of conviction be affirmed for the reasons stated in the attached memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 Appellant Semple challenges his conviction for "camping" in Lafayette Park, in violation of 36 C.F.R. Sec. 7.96 (1989). By taking the stand and testifying, Semple is deemed to have relinquished his Fifth Amendment privilege "without making a knowing and intelligent waiver." See Minnesota v. Murphy, 465 U.S. 420, 428 (1984); see also McGahee v. Massey, 667 F.2d 1357, 1362 (11th Cir.), cert. denied, 459 U.S. 943 (1982). Therefore, his claim that the district court should have advised him of that privilege is unavailing. Furthermore, Semple's testimony that he slept in the partk "on many occasions," and "most of the time," was "an indicia of using the park as a living accommodation." Tr. at 63 and 60; see United States v. Thomas, 864 F.2d 188, 193 (D.C.Cir.1988). This evidence was therefore sufficient to support his conviction.
 
 
 5
 Semple's challenges to the regulation on First Amendment and vagueness grounds are foreclosed by Clark v. Community for Creative Non-Violence, 468 U.S. 288, 293-99 (1984), and Thomas, 864 F.2d at 196-97, respectively. Finally, the district court's conclusion that Semple was not selectively prosecuted was not "clearly wrong." Unites States v. Washington, 705 F.2d 489, 495 (D.C.Cir.1983).